UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUDIBLE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AUDIO POD IP, LLC, <br><br> Defendant. | C.A. No. 1:25-cv-2158 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** <br><br> **Jury Trial Requested** |

Plaintiff Audible, Inc. ("Plaintiff" or "Audible") brings this Complaint for Declaratory Judgment of Non-Infringement against Defendant Audio Pod IP, LLC ("Defendant" or "Audio Pod"), and alleges as follows:

## I.     NATURE OF THE ACTION

1. This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, Title 35 of the United States Code. This action seeks a determination that Audible does not infringe any claim of any of the following U.S. Patent Nos.: 8,738,740 ("'740 Patent"); 9,319,720 ("'720 Patent"); 9,729,907 ("'907 Patent"); 9,954,922 ("'922 Patent"); 10,091,266 ("'266 Patent"); and 10,805,111 ("'111 Patent") (collectively, the "Asserted Patents").

2. Audio Pod has alleged and continues to allege that Audible infringes at least one claim of each of the Asserted Patents by making, using, selling, selling access to, importing, offering for sale, and/or offering to sell access to certain products or services in the United States. Audio Pod's affirmative allegations of infringement of the claims of the Asserted Patents have created a justiciable controversy between Audible and Audio Pod.

3. Audio Pod filed two lawsuits against Audible in the Eastern District of Virginia ("EDVA"), accusing Audible of infringing the Asserted Patents. Audio Pod's claims against Audible have been dismissed from one of the EDVA cases because Audible is not subject to venue there. This dismissal was without prejudice because it was based on a finding of improper venue. A motion to dismiss is pending in the other EDVA case and Audible expects to be dismissed from that case also.

4. As a result of Audio Pod's allegations of patent infringement, Audible is under reasonable apprehension of suit by Audio Pod.

## II.     JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action contains allegations arising under the patent laws of the United States, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. This Court has personal jurisdiction over Defendant Audio Pod because (1) Audio Pod has purposefully availed itself of the privilege of conducting activities within the state of New York and (2) Audible's allegations arise out of or relate to Audio Pod's contacts with New York.

7. Audio Pod deliberately reached out beyond its state of formation in Virginia to exploit New York's robust financial market and obtain funding for its patent-assertion campaign against Audible.

8. Audio Pod obtained funding for its patent-assertion campaign against Audible from HPCF Litigation Finance US I LLC ("HPCF").

9. HPCF is a party to Audio Pod's retention agreement with the litigation counsel that asserted Audio Pod's patents against Audible in the dismissed EDVA case.

10. Audio Pod is contractually required to pay HPCF from any proceeds Audio Pod obtains in its litigation against Audible.

11. HPCF owns a security interest in the Asserted Patents.

12. HPCF is incorporated in Delaware but is controlled and/or managed by Davidson Kempner Capital Management LP ("DK").

13. DK is a New York hedge fund that advertises itself as managing assets of more than thirty-five billion dollars.

14. HPCF operates from DK's Manhattan office, located at 520 Madison Avenue, 30th Floor, New York, NY 10022.

15. HPCF listed DK's Manhattan office address as its business address when recording its security interest in Audio Pod's patents at the U.S. Patent and Trademark Office.

16. HPCF listed DK's Manhattan office address as its business address when recording its security interest in Audio Pod's litigation proceeds with the Virginia Secretary of State.

17. Audio Pod transacted business with HPCF to obtain funding to assert patents, to grant HPCF an interest in the Asserted Patents, and to grant HPCF an interest in proceeds arising from the assertion of such patents against Audible.

18. On information and belief, Audio Pod's transactions with HPCF included communication with representatives of HPCF in the Southern District of New York.

19. Audio Pod invoked the benefits and protections of New York law when it transacted with HPCF in furtherance of its patent-assertion campaign against Audible.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant Audio Pod is subject to this Court's personal jurisdiction and is therefore deemed to reside in this Judicial District.

21. The Court can provide the declaratory relief sought by this Declaratory Judgment Complaint because an actual case and controversy exists between the parties sufficient to give rise to this Court's jurisdiction under Article III of the U.S. Constitution and 28 U.S.C. § 2201.

### III.     THE PARTIES

22. Plaintiff Audible, Inc. is a Delaware Corporation with its principal place of business at 1 Washington Park, 16th Floor, Newark, New Jersey 07102.

23. Defendant Audio Pod IP, LLC is a limited liability company organized under the laws of the Commonwealth of Virginia that claims to have its principal place of business at 8609 Westwood Center Drive, Suite 110, Tysons Corner, Virginia 22182.  Defendant may be served through its registered agent Daignault Iyer LLP at 8229 Boone Blvd Ste 450, Vienna, Virginia, 22182-2651.

### IV.     FACTUAL BACKGROUND

24. Plaintiff Audible, Inc. was founded in 1995.  It is the leading producer and provider of audio storytelling. Audible offers more than a million titles in its catalog, including original works, audiobooks, and podcasts to listeners in over 180 countries and fifty languages.

25. Audio Pod has alleged and continues to allege that Plaintiff Audible Inc.'s services, namely Audible and Audible Library ("Audible's Services"), infringe at least one claim of each of the Asserted Patents.

### V.     THE PATENTS-IN-SUIT

26. Audio Pod purports to own by assignment U.S. Patent No. 8,738,740, entitled "Transmission of digital audio data."  The '740 Patent issued on May 27, 2014.  A copy of the '740 Patent is attached as Exhibit A.

27. Audio Pod purports to own by assignment U.S. Patent No. 9,319,720, entitled "System and method for rendering digital content using time offsets." The '720 Patent issued on April 19, 2016. A copy of the '720 Patent is attached as Exhibit B.

28. Audio Pod purports to own by assignment U.S. Patent No. 9,729,907, entitled "Synchronizing a plurality of digital media streams by using a descriptor file." The '907 Patent issued on August 8, 2017. A copy of the '907 Patent is attached as Exhibit C.

29. Audio Pod purports to own by assignment U.S. Patent No. 9,954,922, entitled "Method and system for rendering digital content across multiple client devices." The '922 Patent issued on April 24, 2018. A copy of the '922 Patent is attached as Exhibit D.

30. Audio Pod purports to own by assignment U.S. Patent No. 10,091,266, entitled "Method and system for rendering digital content across multiple client devices." The '266 Patent issued on October 2, 2018. A copy of the '266 Patent is attached as Exhibit E.

31. Audio Pod purports to own by assignment U.S. Patent No. 10,805,111, entitled "Simultaneously rendering an image stream of static graphic images and a corresponding audio stream." The '111 Patent issued on October 13, 2020. A copy of the '111 Patent is attached as Exhibit F.

### VI.     ACTUAL CONTROVERSY

32. On March 20, 2024, Audio Pod filed a complaint in EDVA alleging that Audible infringes at least one claim of each of the '740, '720, '922, '266, and '111 Patents. *See Audio Pod IP, LLC v. Amazon.com, Inc. et al.*, No. 2:24-CV-00185, Dkt. 1 (E.D. Va. Mar. 30, 2024). About two months later, Audio Pod filed another complaint in EDVA alleging that Audible infringes at least one claim of the '907 Patent. *See Audio Pod IP, LLC v. Amazon.com, Inc. et al.*, No. 3:24-CV-00406, Dkt. 1 (E.D. Va. May 30, 2024).

33. On March 3, 2025, the EDVA court granted Audible's Rule 12(b)(3) motion to dismiss in the -406 action after finding EDVA was improper venue for Audio Pod's claims against Audible. Audible was dismissed without prejudice. Audio Pod maintains its patent infringement allegations against the remaining parties in the -406 action who were not dismissed for improper venue.

34. On May 31, 2024, Audible also moved the court in the -185 action to dismiss that case against Audible under Rule 12(b)(3). That motion remains pending. Venue is improper for Audible in the -185 action for the same reasons that the EDVA court already recognized in the -406 action.

35. Audio Pod did not notify Audible before filing either of the above actions in EDVA. Audible has no reason to expect that Audio Pod will contact Audible before Audio Pod files another action alleging patent infringement.

36. There is a substantial controversy of sufficient immediacy and reality between Audio Pod and Audible regarding whether Audible infringes at least one claim of each of the Asserted Patents. That controversy manifests from (1) Audio Pod's campaign of infringement allegations against Audible, (2) Audible's dismissal and anticipated dismissal from Audio Pod's lawsuits in EDVA, (3) Audio Pod's maintenance of its patent infringement allegations against the remaining parties in the -406 action who were not dismissed for improper venue, and (4) Audio Pod's history of not communicating with Audible before filing suit. That is, Audible is under reasonable apprehension of suit by Audio Pod. Such controversy warrants immediate declaratory relief.

37. Audible seeks a declaration that it does not infringe any claim of any of the Asserted Patents.

## VII.    FIRST CLAIM FOR RELIEF:

### Declaratory Judgment of Non-Infringement of the '740 Patent

38. Audible repeats and realleges each and every allegation contained in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Audio Pod has alleged and continues to allege that Audible infringes at least claim 12 of the '740 Patent by making, using, selling, selling access to, importing, offering for sale, and/or offering to sell access to Audible's Services in the United States.

40. Audible does not directly or indirectly infringe any claim of the '740 Patent, either literally or under the doctrine of equivalents. Specifically, Audible's Services do not include all the claimed elements of any independent claim of the '740 Patent.

41. For example, as to claim 12, Audible's Services do not embody at least the following elements under a proper construction of that claim:

   a. "create a bookmark for the first position, the bookmark including a file, the file including a unique identifier for identifying the audio stream and including the time offset,"

   b. "wherein the audio stream is stored as a plurality of digital audio files in a library, each digital audio file including a different segment of the audio stream, and wherein the computer code is further configured to cause said computer to:"

   c. "determine a first digital audio file from the plurality of digital audio files to be loaded for playback with the media player from the first position, the first digital audio file selected using the time offset and a descriptor file, the descriptor file for ordering the plurality of digital audio files and including at least one of a

start time, an end time, and a play time of each digital audio file in the plurality of digital audio files within the audio stream;"

42. Declaratory relief is necessary and appropriate so that Audible may ascertain its rights regarding the '740 Patent.

43. In view of the facts and allegations set forth above, there is an actual, justifiable, substantial, and immediate controversy between Audible and Audio Pod on whether Audible infringes any claim of the '740 Patent.

44. For the reasons set forth above, Audible respectfully requests that this Court declare that Audible does not infringe and has not infringed any claim of the '740 Patent.

## VIII.  SECOND CLAIM FOR RELIEF:

### Declaratory Judgment of Non-Infringement of the '720 Patent

45. Audible repeats and realleges each and every allegation contained in paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. Audio Pod has alleged and continues to allege that Audible infringes at least claim 1 of the '720 Patent by making, using, selling, selling access to, importing, offering for sale, and/or offering to sell access to Audible's Services in the United States.

47. Audible does not directly or indirectly infringe any claim of the '720 Patent, either literally or under the doctrine of equivalents.  Specifically, Audible's Services do not include all the claimed elements of any independent claim of the '720 Patent.

48. For example, as to claim 1, Audible's Services do not embody at least the following elements under a proper construction of that claim:

   a. "providing a media player having access to at least one server via a network, the at least one server having stored thereon a descriptor file and a plurality of

       media streams derived from a same originating written work, each media stream including a plurality of digital data files, the descriptor file including information allowing a simultaneous synchronized rendering of the plurality of media streams that provides a literary experience of the originating written work, the information including time information for each digital data file in each media stream, the time information for synchronizing the plurality of media streams and determined relative to a timeline of an audio recording of the originating written work;"

    b. "determining a first digital data file from the plurality of digital data files in a first media stream from the plurality of media streams, the first digital data file having digital content to be rendered with the media player, and determined using the time information in the descriptor file and a predetermined time offset, the predetermined time offset external to the descriptor file and determined relative to the timeline of the audio recording;"

49. Declaratory relief is necessary and appropriate so that Audible may ascertain its rights regarding the '720 Patent.

50. In view of the facts and allegations set forth above, there is an actual, justifiable, substantial, and immediate controversy between Audible and Audio Pod on whether Audible infringes any claim of the '720 Patent.

51. For the reasons set forth above, Audible respectfully requests that this Court declare that Audible does not infringe and has not infringed any claim of the '720 Patent.

## IX.     THIRD CLAIM FOR RELIEF:

### Declaratory Judgment of Non-Infringement of the '907 Patent

52.     Audible repeats and realleges each and every allegation contained in paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53.     Audio Pod has alleged and continues to allege that Audible infringes at least claim 1 of the '907 Patent by making, using, selling, selling access to, importing, offering for sale, and/or offering to sell access to Audible's Services in the United States.

54.     Audible does not directly or indirectly infringe any claim of the '907 Patent, either literally or under the doctrine of equivalents.  Specifically, Audible's Services do not include all the claimed elements of any independent claim of the '907 Patent.

55.     For example, as to claim 1, Audible's Services do not embody at least the following elements under a proper construction of that claim:

> a. "identifying a plurality of time offsets in a timeline of the digital audio narration of the first digital media stream, wherein the plurality of time offsets correspond to a plurality of content points in the digital audio narration;"
>
> b. "storing the plurality of time offsets and the plurality of content points in the descriptor file in a manner indicating a correlation between the plurality of time offsets and the plurality of content points;"
>
> c. "selecting synchronization time offsets that correspond to the synchronization points from the plurality of time offsets; and"
>
> d. "storing the synchronization time offsets and the synchronization points in the descriptor file in a manner indicating a correlation between the synchronization time offsets and the synchronization points, such that the descriptor file allows

a synchronized rendering of the plurality of digital media streams on a client device."

56. Declaratory relief is necessary and appropriate so that Audible may ascertain its rights regarding the '907 Patent.

57. In view of the facts and allegations set forth above, there is an actual, justifiable, substantial, and immediate controversy between Audible and Audio Pod on whether Audible infringes any claim of the '907 Patent.

58. For the reasons set forth above, Audible respectfully requests that this Court declare that Audible does not infringe and has not infringed any claim of the '907 Patent.

## X.     FOURTH CLAIM FOR RELIEF:

### Declaratory Judgment of Non-Infringement of the '922 Patent

59. Audible repeats and realleges each and every allegation contained in paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60. Audio Pod has alleged and continues to allege that Audible infringes at least claim 1 of the '922 Patent by making, using, selling, selling access to, importing, offering for sale, and/or offering to sell access to Audible's Services in the United States.

61. Audible does not directly or indirectly infringe any claim of the '922 Patent, either literally or under the doctrine of equivalents.  Specifically, Audible's Services do not include all the claimed elements of any independent claim of the '922 Patent.

62. For example, as to claim 1, Audible's Services do not embody at least the following elements under a proper construction of that claim:

    a. "downloading second digital content corresponding to the media work from the network accessible library to the second client device via the network, the

      second digital content including at least a second portion of the first media stream or at least a portion of a second media stream, the second portion of the first media stream or the portion of the second media stream including the bookmarked position;"

    b. "determining whether sufficient storage is available on the second client device to meet storage demand after releasing the storage resources allocated to the content of the second digital content that is not identified as content to be retained; and"

    c. "if insufficient storage is available, narrowing the range of content surrounding the bookmarked position that is identified as content to be retained."

63. Declaratory relief is necessary and appropriate so that Audible may ascertain its rights regarding the '922 Patent.

64. In view of the facts and allegations set forth above, there is an actual, justifiable, substantial, and immediate controversy between Audible and Audio Pod on whether Audible infringes any claim of the '922 Patent.

65. For the reasons set forth above, Audible respectfully requests that this Court declare that Audible does not infringe and has not infringed any claim of the '922 Patent.

## XI.   FIFTH CLAIM FOR RELIEF:

### Declaratory Judgment of Non-Infringement of the '266 Patent

66. Audible repeats and realleges each and every allegation contained in paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67. Audio Pod has alleged and continues to allege that Audible infringes at least claim 1 of the '266 Patent by making, using, selling, selling access to, importing, offering for sale, and/or offering to sell access to Audible's Services in the United States.

68. Audible does not directly or indirectly infringe any claim of the '266 Patent, either literally or under the doctrine of equivalents. Specifically, Audible's Services do not include all the claimed elements of any independent claim of the '266 Patent.

69. For example, as to claim 1, Audible's Services do not embody at least the following elements under a proper construction of that claim:

    a. "transferring the identifier and the first position from the first client device to a second client device via a network accessible library;"

    b. "downloading the descriptor from the network accessible library to the second client device by using the identifier;"

    c. "rendering on the second client device at least a portion of secondary other digital content associated with the primary digital content by using the descriptor and the first position, wherein the secondary digital content is ancillary to the primary digital content, and wherein the secondary digital content is rendered on the second client device simultaneously and in synchronization with the rendering of the primary digital content on the first client device;"

    d. "identifying content in the secondary digital content that is related to the range of content surrounding the first position in the primary digital content as content to be retained; and"

  e. "releasing storage resources allocated to all content of the secondary digital content that is not identified as content to be retained on the second client device."

70. Declaratory relief is necessary and appropriate so that Audible may ascertain its rights regarding the '266 Patent.

71. In view of the facts and allegations set forth above, there is an actual, justifiable, substantial, and immediate controversy between Audible and Audio Pod on whether Audible infringes any claim of the '266 Patent.

72. For the reasons set forth above, Audible respectfully requests that this Court declare that Audible does not infringe and has not infringed any claim of the '266 Patent.

## XII. SIXTH CLAIM FOR RELIEF:

### Declaratory Judgment of Non-Infringement of the '111 Patent

73. Audible repeats and realleges each and every allegation contained in paragraphs 1 through 72 of this Complaint as if fully set forth herein.

74. Audio Pod has alleged and continues to allege that Audible infringes at least claim 1 of the '111 Patent by making, using, selling, selling access to, importing, offering for sale, and/or offering to sell access to Audible's Services in the United States.

75. Audible does not directly or indirectly infringe any claim of the '111 Patent, either literally or under the doctrine of equivalents.  Specifically, Audible's Services do not include all the claimed elements of any independent claim of the '111 Patent.

76. For example, as to claim 1, Audible's Services do not embody at least the following elements under a proper construction of that claim:

a. "accessing, by a client device, a network accessible library having stored thereon an image stream of static graphic images and a corresponding audio stream;"

b. "downloading to the client device from the network accessible library one or more static graphic images from the image stream, wherein the one or more static graphic images are each associated with time information including at least one of a start time, an end time, and a duration relative to a timeline of the audio stream;"

c. "assigning to the first page, by the client device, time information including at least one of a start time, an end time, and a duration relative to the timeline of the audio stream, wherein the time information for the first page is determined on the basis of the time information for the one or more static graphic images;"

d. "downloading to the client device from the network accessible library a portion of the audio stream including a first time offset, wherein the first time offset corresponds to a first position on the first page; and"

e. "simultaneously rendering the first page and the portion of the audio stream on the client device by using the time information for the one or more static graphic images or for the first page, wherein the portion of the audio stream is rendered in dependence upon the first time offset."

77. Declaratory relief is necessary and appropriate so that Audible may ascertain its rights regarding the '111 Patent.

78. In view of the facts and allegations set forth above, there is an actual, justifiable, substantial, and immediate controversy between Audible and Audio Pod on whether Audible infringes any claim of the '111 Patent.

79. For the reasons set forth above, Audible respectfully requests that this Court declare that Audible does not infringe and has not infringed any claim of the '111 Patent.

## XIII.  **PRAYER FOR RELIEF**

Audible respectfully requests the following relief:

A. That the Court enter a judgment declaring that Audible has not infringed and does not infringe any claim of any of the Asserted Patents;

B. That the Court enter a judgment declaring that Audible is entitled to make, use, sell, sell access to, import, offer for sale, and offer to sell access to Audible's Services in the United States without any interference from Defendant Audio Pod, its officers, agents, representatives, employees, attorneys, and any other person in active concert or participation with any of the aforementioned;

C. That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award Audible its attorneys' fees, costs, and expenses incurred in this Action; and

D. That the Court award Audible any other relief as the Court deems just, equitable, and proper.

March 14, 2025                                    Respectfully submitted,


                                                  */s/ Marko R. Zoretic*


                                                  Marko R. Zoretic
                                                  Joseph R. Re (Application for admission to be filed)
                                                  Jeremy A. Anapol (Pro Hac Vice to be filed)
                                                  KNOBBE, MARTENS, OLSON & BEAR, LLP
                                                  2040 Main Street, 14th Floor
                                                  Irvine, CA 92614
                                                  Tel: (949) 760-0404
                                                  Fax: (949) 760-9502
                                                  joe.re@knobbe.com
                                                  marko.zoretic@knobbe.com
                                                  jeremy.anapol@knobbe.com

                                                  Colin B. Heidman (Pro Hac Vice to be filed)
                                                  Christie R.W. Matthaei (Pro Hac Vice to be filed)
                                                  KNOBBE, MARTENS, OLSON & BEAR, LLP
                                                  925 4th Ave, Ste 2500
                                                  Seattle, WA 98104
                                                  Tel: (206) 405-2000
                                                  Fax: (206) 405-2001
                                                  colin.heideman@knobbe.com
                                                  christie.matthaei@knobbe.com

                                                  *Counsel for Plaintiff*
                                                  *Audible, Inc.*